IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEF TIME 1520 LLC,<br>doing business as THE WOOLWORTH,<br>1520 Elm Street<br>Suite 201<br>Dallas, TX 75201, and<br><br>2927 HATTENLUKE HOSPITALITY GROUP LLC,<br>doing business as SMITHY,<br>2927 N. Henderson Avenue<br>Dallas, TX 75206,<br><br>              Plaintiffs,<br><br>   v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416, and<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>             Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Chef Time 1520 LLC, doing business as The Woolworth, and 2927 Hattenluke Hospitality Group LLC, doing business as Smithy, by and through their attorneys, allege and state as follows:

**INTRODUCTION**

1.  This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. Congress created the Restaurant Revitalization Fund ("RRF") as part of the American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2 § 5003, 135 Stat. 4 (2021); 15 U.S.C. § 9009c, to provide emergency financial assistance to eligible restaurants and other food and drink businesses impacted by the global COVID-19 pandemic. The RRF is administered by the SBA and Administrator Casillas Guzman.

3. The Woolworth and Smithy are two veteran-owned restaurants that applied to the SBA for RRF awards as part of the RRF's pilot program. Technological problems on the SBA's end precluded The Woolworth's application from being processed. At the SBA's direction, The Woolworth resubmitted the application, but the SBA did not maintain The Woolworth's place in the application queue, with the result that it did not receive an award. Smithy received a notice from the SBA stating that its application was approved but later received another SBA notice stating that, due to certain court rulings, it would not receive an award. Contrary to the second notice's suggestion, the referenced court rulings did not affect the statutory priority for veteran-owned restaurants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

5. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

6. This Court has authority to issue injunctive relief under 5 U.S.C. § 706(1).

**PARTIES**

7. Plaintiff Chef Time 1520 LLC operates The Woolworth, a restaurant and cocktail bar in Dallas, Texas. Brandon Luke, a veteran of the U.S. Army, is a majority owner of Chef Time 1520 LLC.

8. Plaintiff 2927 Hattenluke Hospitality Group LLC operates Smithy, a locally sourced restaurant in Dallas, Texas. Mr. Luke is also a majority owner of 2927 Hattenluke Hospitality Group LLC.

9. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

10. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

**A. American Rescue Plan Act of 2021 and Restaurant Revitalization Fund**

11. The American Rescue Plan Act of 2021 established the Restaurant Revitalization Fund to provide financial assistance to restaurants and other eligible businesses to help them pay expenses related to the COVID-19 pandemic. Pub. L. No. 117-2 § 5003, 135 Stat. 4 (Mar. 11, 2021); 15 U.S.C. § 9009c.

12. The ARPA appropriated $28.6 billion for the RRF and provided for those funds to remain available until expended through RRF awards. 15 U.S.C. § 9009c(b)(2)(A).

13. RRF awards may be used during the statutorily "covered period" to pay specified expenses incurred as a direct result of or during the COVID-19 pandemic, e.g., payroll costs, mortgage or rent payments, and utilities. *Id.* § 9009c(c)(5). The "covered period" is defined as February 15, 2020 until December 31, 2021, or a later date determined by the SBA Administrator

not more than two years after the enactment of the ARPA. *Id*. § 9009c(a)(3). Administrator Casillas Guzman extended the covered period to March 11, 2023. *See* SBA, *SBA Administrator Guzman Announces Application Opening for $28.6 Billion Restaurant Revitalization* (Press Release 21-33, Apr. 27, 2021), https://www.sba.gov/article/2021/apr/27/sba-administrator-guzman-announces-application-opening-286-billion-restaurant-revitalization-fund.

14. An eligible entity may receive an RRF award equal to its pandemic-related revenue loss, up to a maximum aggregate amount of $10 million with no more than $5 million per physical location. 15 U.S.C. § 9009c(c)(4)(A).

15. The ARPA defines "eligible entity" to mean restaurants, food stands, and other establishments "in which the public or patrons assemble for the primary purpose of being served food or drink." *Id.* § 9009c(a)(4)(A).

16. The SBA's Restaurant Revitalization Funding Program Guide (the "RRF Guide") provides that "[t]o satisfy the statutory requirement for 'place of business in which the public or patrons assemble for the primary purpose of being served food or drink,' an eligible entity must have at least 33% in 2019 on-site sales to the public." SBA, *Restaurant Revitalization Funding Program Guide* at 4 (Apr. 28, 2021), https://www.sba.gov/document/support-restaurant-revitalization-funding-program-guide. However, "restaurants and bars[] are presumed to have on-site sales to the public comprising at least 33% of gross receipts in 2019." *Id.*

17. The ARPA provides that to apply for an RRF award, an eligible entity must make "a good faith certification that (i) the uncertainty of current economic conditions makes necessary the grant request to support the ongoing operations of the eligible entity; and (ii) the eligible entity has not applied for or received a grant under [the Shuttered Venue Operators Grant program]." 15 U.S.C. § 9009c(c)(2)(A); *accord* SBA, *Restaurant Revitalization Funding Program Guide* at 6.

18. The ARPA directs that "[d]uring the initial 21-day period in which the Administrator awards grants under this subsection, the Administrator shall prioritize awarding grants to eligible entities that are small business concerns owned and controlled by women . . . small business concerns owned and controlled by veterans . . . or socially and economically disadvantaged small business concerns." 15 U.S.C. § 9009c(c)(3)(A).

19. After the initial 21-day period, the statute directs the Administrator to award grants to eligible entities in the order in which they are received. *Id.* § 9009c(c)(1).

20. The Sixth Circuit and the Northern District of Texas found the prioritization of applications based on race and sex to be unconstitutional and issued preliminary orders precluding the SBA from applying those priorities. *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021); *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638 (N.D. Tex. 2021); Order, *Blessed Cajuns LLC v. Guzman*, No. 4:21-cv-00677 (N.D. Tex. May 28, 2021), ECF No. 18.

21. The priority period for veteran-owned businesses was not affected by those rulings.

22. The SBA operated a pilot program for the RRF program that gave randomly selected entities an opportunity to submit an application before the RRF portal opened to the greater public.

23. After the pilot program, the SBA began accepting applications for RRF awards on May 3, 2021. SBA Press Release 21-33. The 21-day statutory priority period for veteran-owned businesses therefore ended May 24, 2021. The SBA closed the application period for all applicants the same day. SBA, *Last Call: Administrator Guzman Announces Final Push for Restaurant Revitalization Fund Applications* (Press Release 21-38, May 18, 2021), https://www.sba.gov/article/2021/may/18/last-call-administrator-guzman-announces-final-push-restaurant-revitalization-fund-applications.

24. On June 30, 2021, the SBA announced that all RRF funds had been exhausted and closed the RRF program.

25. In July 2022, the Government Accountability Office (GAO) stated that, as of June 2022, $180 million of appropriations for RRF awards was unobligated. GAO, *Restaurant Revitalization Fund: Opportunities Exist to Improve Oversight* (GAO-22-105442, July 14, 2022), https://www.gao.gov/assets/gao-22-105442.pdf.

**B. Plaintiffs' Restaurant Revitalization Fund Applications**

26. On April 22, 2021, Brandon Luke, majority owner of The Woolworth and Smithy, received an invitation from the SBA to participate in the RRF's pilot program. The invitation, attached as Exhibit 1, stated that pilot program participants would "have the opportunity to complete the RRF application before the portal opens to the greater public," would be "the first participants eligible to complete the application," would "help ensure the application is functioning as intended," and would have "access to SBA's tech vendor to help resolve any issues encountered."

27. On April 27, 2021, through the RRF portal, The Woolworth submitted an application for approximately $1.3 million through the RRF portal, and Smithy submitted an application for approximately $550,000.

28. In mid-May 2021, the SBA advised The Woolworth that updates to its application were required, but The Woolworth was unable to open the application. The SBA instructed The Woolworth to resubmit the application, and The Woolworth followed the SBA's instruction. However, The Woolworth lost its place in the RRF application queue, which was at or near the beginning since it had applied as part of the pilot program.

29. The Woolworth's RRF application has not been funded.

30. On May 28, 2021, Smithy received an email from the SBA stating, "[w]e are pleased to inform you that because of the American Rescue Plan, signed into law by President Joe Biden, your SBA Restaurant Revitalization Fund application has been approved," and that "[t]he SBA will now process the funding of this award directly to your Bank account within 3-7 business days from this notification." The May 28, 2021 email is attached as Exhibit 2.

31. On June 12, 2021, Smithy received an email from the SBA stating, "[w]e regret to inform you that, due to recent court rulings, the U.S. Small Business Administration (SBA) will not be able to disburse your Restaurant Revitalization Fund award." The email referenced three lawsuits, one in the Eastern District of Tennessee and two in the Northern District of Texas. The June 12, 2021 email is attached as Exhibit 3.

32. Those three lawsuits concerned the priorities the ARPA created based on race and sex, and did not concern or affect the priority the ARPA created based on veteran status. *See Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021); *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638 (N.D. Tex. 2021); Order, *Blessed Cajuns LLC v. Guzman*, No. 4:21-cv-00677 (N.D. Tex. May 28, 2021), ECF No. 18.

## CLAIMS FOR RELIEF

33. The courts recognize a strong presumption favoring judicial review of administrative action.

34. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

35. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

36. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

37. The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

38. The Woolworth and Smithy reallege and incorporate by reference each of the preceding paragraphs and allegations.

39. The SBA cited court rulings that did not affect the statutory priority for veterans as a basis for not funding Smithy's RRF application, which the agency had previously deemed eligible.

40. The Woolworth's and Smithy's RRF applications were among the very first applications the SBA received, as they were submitted on April 27, 2021, as part of the RRF pilot program and before the SBA began accepting applications from the general public.

41. The SBA failed to award The Woolworth's and Smithy's RRF applications according to the order in which they were received, and penalized The Woolworth for technological problems that were on the SBA's end.

### COUNT II—AGENCY ACTION CONTRARY TO LAW

42. The Woolworth and Smithy reallege and incorporate by reference each of the preceding paragraphs and allegations.

43. The ARPA required the SBA to prioritize awarding The Woolworth's and Smithy's RRF applications because they are veteran-owned restaurants, demonstrated their eligibility and submitted their applications during the first 21 days of the RRF program. 15 U.S.C. § 9009c(c)(3).

44. The SBA failed to afford The Woolworth and Smithy the priority for veteran-owned restaurants required by the ARPA.

45. The ARPA also required the SBA to award The Woolworth's and Smithy's RRF applications according to the order in which they were received.

46. The SBA failed to award The Woolworth's and Smithy's RRF applications according to the order in which they were received.

47. The SBA should be compelled to award The Woolworth's and Smithy's RRF applications consistent with the ARPA's priority for veteran-owned restaurants that applied within the first 21 days of the RRF program and the ARPA's requirement that applications be awarded according to the order in which they were received.

**COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

48. The Woolworth and Smithy reallege and incorporate by reference each of the preceding paragraphs and allegations.

49. The SBA's failure to fund The Woolworth's and Smithy's RRF applications is not supported by substantial evidence in the record. The Woolworth and Smithy presented evidence that demonstrates their eligibility for RRF awards.

50. The SBA's failure to fund The Woolworth's and Smithy's RRF applications is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs respectfully requests that this Court:

1. Preliminarily and permanently order Defendants to retain RRF appropriations in an amount sufficient to fund the RRF awards for which Plaintiffs applied.

2. Preliminarily and permanently order Defendants to award The Woolworth's and Smithy's RRF applications in accordance with the ARPA's statutory priority for veteran-owned restaurants; and

3. Preliminarily and permanently order Defendants to award The Woolworth's and Smithy's RRF applications in accordance with the SBA's receipt of them in April 2021 as part of the RRF pilot program.

4. Award Plaintiffs their costs and reasonable attorney fees; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: November 28, 2022                Respectfully submitted,

/s/ Caroline L. Wolverton
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiffs Chef Time 1520 LLC and 2927 Hattenluke Hospitality Group LLC*