UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEF TIME 1520 LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 22-3587 (RDM) |

## ORDER

This matter arises from Plaintiffs' efforts to seek financial assistance from the Restaurant Revitalization Fund ("RRF"), created by Congress in the American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2, 135 Stat. 4, to help restaurants and other eligible businesses pay "expenses incurred as a direct result of, or during, the COVID-19 pandemic," 15 U.S.C. § 9009c(c)(5). The statute creating the RRF directed that the Administrator of the Small Business Administration ("SBA") "award grants to eligible entities in the order in which applications [were] received by the Administrator," *id.* § 9009c(c)(1), but provided for an initial 21-day period in which the Administrator was required to "prioritize awarding grants" to small businesses "owned and controlled by women" and "by veterans" as well as to "socially and economically disadvantaged small business concerns," as defined in the statute, *id.* § 9009(c)(3)(A).

Brandon Luke, a veteran of the United States Army and majority owner of two restaurants in Dallas, Texas, applied for RRF funding on April 27, 2021 on behalf of both of his restaurants. Dkt. 5-2 at 2 (Luke Decl. ¶¶ 1–5, 7–8). The application of one restaurant, The

Woolworth—which requested $1.3 million in RRF funds—was apparently never approved by the SBA. *See* Dkt. 1 at 2, 6 (Compl. ¶¶ 3, 27). According to Plaintiffs, "[t]echnological problems on the SBA's end precluded The Woolworth's application from being processed," and, after "The Woolworth resubmitted the application" at the SBA's direction, "SBA did not maintain The Woolworth's place in the application queue." Dkt. 1 at 2 (Compl. ¶ 3). As a result, "it did not receive an award." *Id.* (Compl. ¶ 3). Plaintiffs assert that the SBA's "fail[ure] to retain The Woolworth's place in queue after it directed the restaurant to resubmit the application because of technological problems on the SBA's end" was "arbitrary and capricious" and "contrary to law." Dkt. 5 at 15.

The other restaurant—Smithy—received an email from the SBA on May 28, 2021 stating that its RRF application for approximately $510,000, *see* Dkt. 5-2 at 3 (Luke Decl. ¶ 8), "ha[d] been approved" and that "[t]he SBA w[ould] now process the funding of this award directly to [Smithy's] Bank account within 3-7 business day from th[e] notification." Dkt. 5-2 at 8 (Ex. 1). But Smithy did not receive those funds; rather, on June 12, 2021, the SBA notified Smithy that "due to recent court rulings, the [SBA] . . . will not be able to disburse your Restaurant Revitalization Fund award." *Id.* at 10 (Ex. 1). The SBA explained that, because of recent rulings from the Northern District of Texas and the Eastern District of Tennessee, "[t]he SBA is not able to pay 2,965 priority applicants—including yourself—who were previously approved and notified of their approval." *Id.* Plaintiffs contend that the SBA misunderstood the court rulings it referenced in its June 12, 2021 letter and that the SBA's decision declining to disburse the funds was therefore "arbitrary [and] capricious," contrary to law, and "unsupported by substantial evidence." Dkt. 1 at 8 (Compl. ¶ 36) (quoting 5 U.S.C. § 706(2)(A), (E)). Specifically, Plaintiffs assert that the referenced court rulings did not alter the statutory

requirement that, "[d]uring the initial 21-day period in which the Administrator awards grants under" the RRF, "the Administrator shall prioritize awarding grants to eligible entities that are . . . small business concerns owned and controlled by veterans." 15 U.S.C. § 9009c(c)(3); *see* Dkt. 1 at 8 (Compl. ¶ 39).

Plaintiffs request that this Court issue a temporary restraining order enjoining the SBA from distributing the remaining RRF funds, which amount to about $2 million dollars, Dkt. 7-1 at 4 (Picconi Decl. ¶¶ 20–21), to other applicants while the Court considers Plaintiffs' legal arguments. Dkt. 7. For the reasons stated on the record at the Court's December 1, 2022 hearing—including the facts that SBA's distribution of the remaining funds would likely moot this case; that counsel for the government has not had time to investigate why Plaintiff did not receive payment, *see* Dkt. 7 at 2; and that at least the Smithy received notification that its application was "approved" just a day after the priority period ended—it is **ORDERED** that an administrative **STAY** is hereby entered pending further order of the Court. During the pendency of the stay, Defendants shall not distribute the remaining RRF funds to other applicants.

Defendants are further **ORDERED** to respond to Plaintiffs' motion for temporary restraining order on or before December 6, 2022. The parties shall appear for a hearing on Plaintiffs' motion for a temporary restraining order, Dkt. 5, on December 7, 2022, at 12:30 p.m., in Courtroom 8.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 1, 2022